```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA          :

    v.                             :   Criminal No. DKC 09-0087

RODNEY ERIK BRYANT                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the Motion for a Reduced Sentence Pursuant to Section 404 of the First Step Act, filed by Rodney Erik Bryant. (ECF No. 62). The Government filed an opposition, (ECF No. 65), and Mr. Bryant filed both a reply (ECF No. 67) and a supplemental letter (ECF No. 68).

Pursuant to a plea agreement, Mr. Bryant pled guilty to possession with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine powder, and to possession of a firearm after conviction of a felony. He was sentenced to concurrent terms of 240 months on count one and 120 months on count three.[1] The parties agreed to recommend a sentence at the low end of the advisory guideline range determined by an offense level of 34 and a criminal history category VI, 262 to 327 months. That range was based on his career offender status. Judge Alexander

---

[1] Count two, possession of a firearm in furtherance of drug trafficking was dismissed as part of the plea agreement. The Government also agreed not to file a notice pursuant to 21 U.S.C. § 851.

Williams sentenced him below that range despite the parties' agreement.

The parties agree that Mr. Bryant is eligible for consideration under the First Step Act, and that, if calculated today, his career offender guidelines would be an offense level 31, and criminal history VI, for a range of 188 to 235 months. Mr. Bryant seeks a reduction to 173 months, a variance below the bottom of the guidelines commensurate with the variance granted by Judge Williams.  The Government suggests that the reduced sentence should be 188 months, or the bottom of the guidelines, as agreed to in the plea agreement.

After considering the relevant factors under § 3553(a), along with Mr. Bryant's post-sentencing conduct, the court concludes that a reduced sentence of 180 months on count one is appropriate. Just as Judge Williams assessed the circumstances, including the guidelines and the plea agreement, in imposing a 20-year sentence, this court considers the reduced guidelines in determining what sentence is appropriate.  This case involved the discovery of 557 grams of cocaine, 114 grams of cocaine base, multiple quantities of marijuana, some heroin, a pistol, and paraphernalia, in and just outside his basement bedroom.  His criminal history included two convictions for possession with intent to distribute drugs, and violations of parole and probation.  A special education student, Mr. Bryant had some work history prior to the sentencing

2

in this case. While in custody, he has taken various vocational courses and worked. He enjoys strong family support. He has incurred some disciplinary infractions, including an assault and refusing to obey orders. A reduction of 5 years takes into account all of the appropriate factors. A reduction in the term of supervised release will also be granted. A separate order and an amended judgment will be entered.

/s/
DEBORAH K. CHASANOW
United States District Judge
